# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESUS A. TINAJERO-PORRAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CR-06-115-R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner's Petition for a Writ of Error Audita Querela pursuant to 18 U.S.C. § 1651. The Petition is DENIED.

In September 2006, a jury in the United States District Court for the Western District of Oklahoma convicted Petitioner of drug charges arising out of a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana. [Doc. 68]. This Court imposed prison terms of 360 and 48 months, to be served concurrently. [Doc. 77]. On appeal, Petitioner raised several challenges to his sentence. The Tenth Circuit affirmed. [Doc. 105]; *United States v. Tinajero-Porras*, 275 F. Appx. 794, 796 (10th Cir. 2008). Shortly thereafter Petitioner moved to vacate his sentence under 28 U.S.C. § 2255 [Doc. 146], which this Court denied. [Doc. 167].[1] Petitioner then filed a

---

[1] This Court subsequently granted Plaintiff's Motion to Reconsider its denial of habeas relief [Doc. 173], finding that it had failed to address some of Petitioner's claims. After briefing by both parties, the Court again declined to grant Petitioner's motion under 28 U.S.C. § 2255 [Doc. 180].

1

Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) [Doc. 207], which this Court also denied [Doc. 210].

Petitioner's present motion asserts that this Court has jurisdiction under 28 U.S.C. § 1651 and should therefore resentence him due to the Court's alleged failure to properly apply USSG § 1B1.3(a)(1)(B)'s provisions in determining the relevant conduct of Petitioner's offense. Yet in light of 28 U.S.C. § 2255(h)'s bar on second or successive habeas petitions, Petitioner's Motion must be denied because the Court lacks jurisdiction to entertain Petitioner's claim. Petitioner seeks to sidestep this procedural bar by styling his motion as one for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. In fact, Petitioner specifically instructs the Court not to characterize his Motion as one under 28 U.S.C. § 2255 or 18 U.S.C. § 3582. Yet the Tenth Circuit has made clear that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Further, "the mere fact [a petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate" and therefore unavailable as a remedy. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Petitioner's Motion is therefore DENIED. *See also United States v. McIntyre*, 313 Fed.Appx. 160, 162 (10th Cir. 2009) (affirming the district court's denial of a second habeas petition that was styled under 28 U.S.C. § 1651).

The Court further denies Petitioner a Certificate of Appealability ("COA") under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA

only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has not made this showing. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his Motion.

In conclusion, Petitioner's motion under 28 U.S.C. § 1651 is DENIED.

IT IS SO ORDERED this 1st day of May 2017.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE